UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER LOOBY,

   Plaintiff,

vs.           CASE NO.:

PHYSICIANS RESOURCE LLC, a
Florida Limited Liability Company, and
ROCHELLE CANNON, Individually,

   Defendants.   /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HEATHER LOOBY, by and through the undersigned attorney, sues the Defendants, PHYSICIANS RESOURCE LLC, a Florida Corporation, and ROCHELLE CANNON, Individually, and alleges:

1. Plaintiff, HEATHER LOOBY, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, HEATHER LOOBY was an employee who worked at Defendants' property within the last three years in Volusia County, Florida.

3. Plaintiff, HEATHER LOOBY, worked for Defendants as an hourly paid employee at an hourly rate ranging from $18.00 to $22.00 per hour when considering wage raises.

4. Defendants compensated Plaintiff on a bi-weekly basis.

5. Plaintiff, HEATHER LOOBY, worked for Defendants performing billing work and payment related tasks.

6. At all times material to this cause of action, Plaintiff, HEATHER LOOBY, was a

1

non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, PHYSICIANS RESOURCE LLC, is a Florida Limited Liability Company that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendant, PHYSICIANS RESOURCE LLC, operates as a third party medical billing service to medical/office customers.

9. At all times relevant to this action, ROCHELLE CANNON was an individual resident of the State of Florida, who owned and operated PHYSICIANS RESOURCE LLC, and who regularly exercised the authority to: (a) hire and fire employees of PHYSICIANS RESOURCE LLC; (b) determine the work schedules for the employees of PHYSICIANS RESOURCE LLC, and (c) control the finances and operations of PHYSICIANS RESOURCE LLC. By virtue of having regularly exercised that authority on behalf of PHYSICIANS RESOURCE LLC, ROCHELLE CANNON is/was an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendants, Defendant, PHYSICIANS RESOURCE LLC, earned more than $500,000.00 per year in gross sales.

13. Defendant, PHYSICIANS RESOURCE LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant, PHYSICIANS RESOURCE LLC, employed at least two employees who handled goods, materials and supplies which travelled in

2

interstate commerce such as faxes, printers, stationary, computers/laptops, and other tools or materials used to run the business.

15. Therefore, at all material times relevant to this action, Defendant, PHYSICIANS RESOURCE LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16. Additionally, Plaintiff, HEATHER LOOBY, is individually covered under the FLSA.

### FLSA Violations

17. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

18. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Specifically, Defendants had a method and practice of compensating employees overtime only when the employee worked more than eighty (80) hours during the two week pay period.

20. In other words, Defendants did not pay overtime compensation when an employee worked more than forty (40) hours in a week <u>unless</u> the entire two week pay period exceeded eighty (80) hours worked.

21. For example, according to Defendants' time records, during the work week beginning 10/23/17 through 10/29/17, Plaintiff worked 43 hours. During the following week, 10/30/17 through 11/5/17, Plaintiff worked 35.55 hours.[1] See attached "A"

---

[1] Defendants' inaccurately calculate "42+" hours worked in the first workweek and "34.5" in the second.

3

22. Despite Plaintiff working more than forty (40) hours during the first week of the pay period, Defendants failed to compensate Plaintiff any overtime wages. See attached "B"

23. Plaintiff is entitled to the half-time premium ($10.00/Overtime hour) for all hours worked in excess of forty (40) per week in the two week pay period outlined in paragraphs 21-22.

24. Similarly, Plaintiff was/is entitled to the half-time premium for all hours worked in excess of forty (40) per week throughout during the duration of her employment with Defendants.

25. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above as though stated fully herein.

28. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for all overtime hours worked.

30. Plaintiff was paid her regular rate for many of the overtime hours worked during her employment with Defendants.

31. Defendants have failed provide accurate overtime compensation for numerous pay periods.

32. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

4

33. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, HEATHER LOOBY demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___10___ day of July, 2019

*/s/ Matthew R. Gunter*

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
P.O. Box 530244
Atlanta, GA 30353-0244
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff