**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| HEATHER LOOBY,          ) | |
|             ) | |
|       Plaintiff,      ) | |
|             ) | |
| v.             ) | |
|             ) | Civil Action No. 6:19-cv-01272 |
| PHYSICIANS RESOURCE LLC, and ) | |
| ROCHELLE CANNON,      ) | |
|             ) | |
|       Defendants.    ) | |
|             ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants PHYSCIANS RESOURCE, LLC ("Physicians Resource") and ROCHELLE CANNON, through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8 and 12 hereby answers Plaintiff's Complaint (Doc. 1) and asserts defenses and affirmative defenses as follows:

1.      Defendants admit Plaintiff was an employee of Physicians Resource, and that she has brought this action. Defendants deny that Plaintiff is entitled to any of the requested relief and all other allegations in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit that Plaintiff was paid on an hourly basis. Defendants deny all other allegations in Paragraph 3 of the Complaint.

4.      The term "bi-weekly" is an ambiguous term, therefore Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit that Plaintiff performed tasks for Physicians Resource. Defendants deny all other allegations in Paragraph 5 of the Complaint.

www.jet.law
Employment Attorneys

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

8.      Defendants admit that it provides billing services, and further state that it provides additional services. Defendants deny all other allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     Defendants admit Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), but deny Plaintiff is entitled to any relief.

11.     Defendants admit the allegations in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations in Paragraph 16 of the Complaint.

## Alleged FLSA Violations

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

www.jet.law
Employment Attorneys

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

27.     Defendants reincorporate and readopt all responses within Paragraphs 1 to 26 above

as if stated fully herein.

28.     Defendants admit the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny that Plaintiff will present any issue for a jury to try.

In response to the "Wherefore" allegations following Paragraph 36 of the Complaint,

Defendants deny that Plaintiff is entitled to judgment or relief.

## GENERAL DENIAL

Any and all allegations not expressly admitted are denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claim for liquidated damages is barred to the extent Defendants acted in good

---

[1] By pleading any matter as a defense, Defendants do not concede that they bear the burden of proof with regard to such matter.

www.jet.law
Employment Attorneys

faith and had reasonable grounds for believing their actions were not in violation of the FLSA.

## THIRD DEFENSE

Plaintiff's claim is barred to the extent Plaintiff seeks damages beyond the applicable limitations periods, which here is two years and at most three years, for any wage or overtime claims.

## FOURTH DEFENSE

Plaintiff cannot establish that any acts or omissions of Defendants were in willful violation of the FLSA. Accordingly, a two-year statute of limitations applies.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff was paid all wages due.

## SIXTH DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiff was allegedly not compensated involve only insubstantial and insignificant periods of time, or are de minimis, and are not compensable under the FLSA or any other applicable law or regulation.

## SEVENTH DEFENSE

To the extent Plaintiff is entitled to damages, Defendants are entitled to a credit or set off against amounts overpaid in the course of Plaintiff's employment.

## EIGHTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed was spent engaged in activities which were not hours worked under the FLSA and other applicable laws and were not an integral and indispensable part of Plaintiff's principal activities.

## NINTH DEFENSE

Plaintiff's Complaint is barred in whole or in part because, based on the hours worked, Plaintiff is not entitled to overtime compensation under the FLSA.

www.jet.law
Employment Attorneys

## TENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

## ELEVENTH DEFENSE

Without foregoing any and all of the defenses herein, and without admitting any liability on behalf of Defendants, to the extent Plaintiff is entitled to any overtime damages, such overtime is calculated at one half of their regular rate of pay because Plaintiff's compensation compensated Plaintiff for all hours worked.

## TWELFTH DEFENSE

Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this  action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated: October 2, 2019

Respectfully submitted,
By: */s/ Jesse Unruh*
    Jesse Unruh, FL Bar # 93121
    JET DOT LAW, PLLC
    12249 Science Drive
    Suite 155
    Orlando, FL 32826
    (407) 494-0135
    www.jet.law
Attorney for Defendants PHYSICIANS
RESOURCE, LLC and ROCHELLE CANNON.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system will which send a notice of electronic filing to the following: Matthew Gunter of Morgan & Morgan, 20 N Orange Ave, Suite 1600, Orlando, FL 32801 | MGunter@forthepeople.com.

*/s/ Jesse Unruh*
Jesse Unruh, Esq.

www.jet.law
Employment Attorneys