**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HEATHER LOOBY,**

    **Plaintiff,**

                                    **CASE NO.:  6:19-CV-1272-ORL-37GJK**

**vs.**

**PHYSICIANS RESOURCE, LLC, a**
**Florida For Profit Limited Liability**
**Company, and ROCHELLE CANNON,**
**Individually,**

    **Defendants.**                  **/**

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, HEATHER LOOBY, by and through undersigned counsel, hereby responds to this Court's Order to Show Cause (Doc. 19) and states as follows:

On July 11, 2019, Plaintiff filed the Complaint and Demand for Jury Trial alleging Defendants failed to pay Plaintiff pursuant to the FLSA (*See* D.E. 1).

The parties eventually resolved the dispute and filed their Joint Motion for Settlement Approval on November 26, 2019 attaching the parties' settlement agreement as exhibit "A" to the Motion which had electronic signatures for both Plaintiff and Defendants (*See* D.E. 18).

The Court then issued its Order to Show Cause questioning the validity of the electronically signed settlement agreement executed by the parties as it did not comply with Administrative Rule (*See* D.E. 15).

In an effort to promote efficiency and use technological advances in litigation tools, Counsel for Plaintiff regularly obtains electronically signed documents from

its clients. This process is also used in order to expedite the administration of a pre-suit case. In the instant matter, Plaintiff and Defendants' electronic signatures were obtained because the parties had been trying to coordinate signing the settlement agreement for several weeks but had been unable to do so, and requested that the attorneys find a more convenient way of obtaining signatures from parties who were otherwise unable to sign and transmit the signed agreement back to counsel to be submitted for court approval. Counsel for Plaintiff filed the electronically signed settlement agreement as it was unaware the signature requirement applied to contracts as well as pleadings that were/are filed. This was an oversight and was not a disregard of the Middle District's Administrative requirements. Counsel for Plaintiff has addressed its electronic signature policy with the appropriate managing partner(s) in order to prevent this inadvertence from occurring in the future and to properly comply with the local and administrative rules. Plaintiff's counsel further states that it has ceased using electronically signed documents to be filed with this Court without first obtaining and maintaining the originally signed documents in its office since the Joint Motion for Settlement Approval was filed in this matter.

    Since the Order to Show Cause was sent, Plaintiff and Defendants have provided the undersigned counsel with their originally signed Settlement Agreement, which will be filed along with a Renewed Joint Motion for Settlement Approval immediately following the filing of this Response to Order to Show Cause. Plaintiff asks this Honorable Court to excuse the inadvertence, and to accept this

explanation as evidence that Plaintiff will proceed properly in accordance to the Middle District's Administrative requirements.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to accept Plaintiff's Response to Order to Show Cause as sufficient, to accept the Renewed Joint Motion for Settlement Approval as properly correcting the concerns of this Court, and to discharge this Order to Show Cause.

Dated this 13th day of December, 2019.

Respectfully submitted,

/s/ MATTHEW GUNTER
Matthew Gunter, Esquire
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Post Office Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email:  mgunter@forthepeople.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has filed using the CM/ECF filing system which I understand will send a notice of electronic filing to all parties of record, this 13th day of December, 20198.

s/ MATTHEW GUNTER
Matthew R. Gunter, Esquire