UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER LOOBY,

    Plaintiff,

v.                                                Case No:   6:19-cv-1272-Orl-37GJK

PHYSICIANS RESOURCE LLC and
ROCHELLE CANNON,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court in this Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, case is the parties' Renewed Joint Motion for Approval of Settlement Agreement (Doc 21). After due consideration I respectfully recommend that the motion be **DENIED**.

### I. Background

Plaintiff Heather Looby alleges that Defendants Physicians Resource LLC and Rochelle Cannon operate a third-party medical billing service where she worked at a rate ranging from $18 to $22 per hour (Doc. 1, ¶¶ 3, 8-9). The parties agree that at a certain point, Plaintiff requested time off during the first week of a two week pay period and that she offered to make up the time during the second week (Doc. 21 at 3). Defendants agreed and paid Plaintiff her usual wages for 80 hours worked (Id.). Plaintiff subsequently sued Defendants, alleging that she worked more than 40 hours in a workweek and was not paid the half-time premium for all hours worked in excess of 40 (Doc. 1, ¶¶ 19-24). Plaintiff's complaint seeks the recovery of overtime wages allegedly due (Id.).

The parties have negotiated and entered into a Settlement Agreement pursuant to which Plaintiff will receive $1,947.59 in wages, and no liquidated damages (Doc. 21 at 3).

Plaintiff's attorneys will receive $4,017.26 for their fee and $485.15 as costs (Id., at 4). The parties agree that in this settlement Plaintiff will receive her full alleged unpaid overtime damages (Id., at 3).

## II. Discussion

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived . . . ." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Savs. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only

other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. Id. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has said "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8,

2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

In the usual course, the Court evaluates a settlement by contrasting it with the claim. This case settled before Plaintiff answered the Court's standard interrogatories in FLSA cases. I have accepted this representation and thus find the amount of wages to be paid to Plaintiff reasonable. However, the Settlement Agreement states that the $1,947.59 to be paid to Plaintiff is both a gross and net amount (Doc. 21-1, §3.i). The agreement also states that taxes and other appropriate sums will be withheld (Id.). This does not make sense and needs to be clarified.

Plaintiff will not receive liquidated damages in this settlement. Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid … unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages."). The award of liquidated damages in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith[1] and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008) (citing Spires v. Ben Hill

---

[1] The FLSA has established a good faith defense to the award of liquidated damages:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act … the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216(b)].

29 U.S.C. § 260.

Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'")).

"'To satisfy the subjective "good faith" component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it.'" Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)). "'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective and objective components.'" Dybach, 942 F.2d at 1566 (quoting 29 C.F.R. § 790.22(c)) and Bratt v. County of Los Angeles, 912 F.2d 1066, 1071-72 (9th Cir.1990). When the employer fails to prove that it acted in both subjective and objective good faith, the award of liquidated damages is mandatory. Davila, 717 F.3d at 1186.

An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 713 (1945) (employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages).

Here, the parties agree that to the extent an FLSA violation occurred Defendants acted in good faith and with the belief that they were not violating the law (Doc. 21 at 3). These assertions are supported by the parties' explanation that the alleged violation

resulted from Plaintiff's request to take a week off and make up the time in the following week. In my view, this is sufficient to show that Defendants acted in objective and subjective good faith.

The parties' Certificates of Interested Persons list themselves and their lawyers (Docs. 7, 13). The Settlement Agreement contains a release and estoppel provision which includes the parties, their attorneys, heirs, executors, administrators, successors, assigns, parents, predecessors, subsidiaries, affiliates, insurers, and past, present and future directors, officers, shareholders, members, employees, agents, and insurers (Doc. 21-1, § 2). The parties have not offered any explanation why this provision is so broad. And, because Defendants are a limited liability company and individual, to some extent, the list of releasees appears to be meaningless.

Title 29 U.S.C.§ 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985); see also Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987). Here, the parties represent that the amount of attorney's fees was determined separately and apart from Plaintiff's recovery. This is normally sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

In the event of a breach, the Settlement Agreement provides that in addition to damages, the non-beaching party "will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching Party from violating this Agreement" (Doc. 21-1, § 11). First, this Court should not be putting its seal of approval on such a provision. Second, the parties need to explain what they intend to accomplish by the inclusion of this term. Exactly what conduct do they anticipate that might be appropriately enjoined?

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion, **as presented,** be **DENIED** and that the parties be given an opportunity to address the concerns voiced in this Report and Recommendation.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 17, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties