UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER LOOBY,

    Plaintiff,

v.                                    Case No:   6:19-cv-1272-Orl-37GJK

PHYSICIANS RESOURCE LLC and
ROCHELLE CANNON,

    Defendants.
_____

## REPORT AND RECOMMENDATION

This Fair Labor Standards Act ("FLSA") case is before the Court for review and approval of the parties' amended settlement agreement (Doc. 26). Upon due consideration, I respectfully recommend that the motion be granted, and the amended settlement agreement be approved after some deletions are made.

### I. Background

Plaintiff Heather Looby alleges that Defendants Physicians Resource LLC and Rochelle Cannon operate a third-party medical billing service where she worked at a rate ranging from $18 to $22 per hour (Doc. 1, ¶¶ 3, 8-9). The parties agree that at a certain point, Plaintiff requested time off during the first week of a two week pay period and that she offered to make up the time during the second week (Doc. 26 at 3). Defendants agreed and paid Plaintiff her usual wages for 80 hours worked (Id.). Plaintiff subsequently sued Defendants, alleging that she worked more than 40 hours in a workweek and was not paid the half-time premium for all hours worked in excess of 40 (Doc. 1, ¶¶ 19-24). Plaintiff's complaint seeks the recovery of overtime wages allegedly due (Id.).

The parties negotiated and entered into a Settlement Agreement pursuant to which Plaintiff will receive $1,947.59 in wages, and no liquidated damages (Doc. 26-1 at 2). Plaintiff's attorneys will receive $4,017.26 for their fee and $485.15 as costs (Id. at 4; Doc. 26 at 4). After reviewing the agreement, I recommended that it be rejected (Doc. 24). No party objected and the Court adopted my Report and Recommendation (Doc. 25). The case is back before the Court on the parties' amended Settlement Agreement (Doc. 26-1). The parties agree that in this settlement Plaintiff will receive her full alleged unpaid overtime damages (Doc. 26 at 3).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart

the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiffs' FLSA claims is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, 679 F.2d at 1354-55. If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) and Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

### III. Discussion

#### A. Settlement Sum

Plaintiff will receive $1,947.59 in wages, and no liquidated damages (Doc. 26-1 at 2). In the usual course, the Court evaluates a settlement by contrasting it with the claim. This case settled before Plaintiff answered the Court's standard interrogatories in FLSA

cases. The parties represent that $1,947.59 is the full amount of Plaintiff's damages (Doc. 26 at 3). I have accepted this representation and thus find the amount of wages to be paid to Plaintiff reasonable.

Plaintiff will not receive liquidated damages in this settlement. Under 29 U.S.C. § 216(b), an employee damaged by an FLSA violation is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid … unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages."). The liquidated damages award in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith[1] and it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008) (citing Spires v. Ben Hill Cty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'")).

"'To satisfy the subjective "good faith" component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in

---

[1] The FLSA has established a good faith defense to the award of liquidated damages:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act … the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216(b)].

29 U.S.C. § 260.

accordance with it.'" Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)). "'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective and objective components.'" Dybach, 942 F.2d at 1566 (quoting 29 C.F.R. § 790.22(c)) and Bratt v. County of Los Angeles, 912 F.2d 1066, 1071–72 (9th Cir.1990). When the employer fails to prove that it acted in both subjective and objective good faith, the award of liquidated damages is mandatory. Davila, 717 F.3d at 1186.

An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees v. Hydradry, Inc., 706 F. Supp. 2d at 1233; Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 713 (1945) (employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages).

The parties agree that to the extent an FLSA violation occurred Defendants acted in good faith and with the belief that they were not violating the law (Doc. 26 at 3). These representations are consistent with the parties' explanation that the alleged violation resulted from Plaintiff's request to take a week off and make up the time in the following week. In my view, this is sufficient to show that Defendants acted in objective and subjective good faith.

### B. Miscellaneous Provisions

The amended Settlement Agreement contains the following provision:

- 6 -

> This Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without reference to principles of conflict of laws. The Parties further agree that any action to enforce this Agreement shall be brought in a state or federal court of competent jurisdiction within Florida. Each party hereby expressly waives any and all rights to bring any suit, action or other proceeding in or before any court or tribunal other than the courts described above <u>and covenants that it shall not seek in any manner to resolve any dispute other than as set forth in this paragraph or to challenge or set aside any decision, award or judgment obtained in accordance with the provisions hereof</u>.

(Doc. 26-1, ¶ 10 (emphasis added)). The underlined portion is both ambiguous and unnecessary. To avoid any future confusion, I respectfully recommend that the underlined language be severed and stricken by the Court before the Settlement Agreement is approved.[2]

The amended Settlement Agreement also contains the statement that "Plaintiff hereby agrees and acknowledges that she is not entitled to receive any additional consideration or benefits from Defendants, other than as expressly provided herein." (Id., ¶ 16). This sentence is also ambiguous, and arguably, may divest Plaintiff of other, non-FLSA rights. Therefore, I also respectfully recommend that this language be severed and stricken by the Court before the Settlement Agreement is approved.

---

[2] The amended Settlement Agreement states:

> Except for the terms set forth in Paragraphs 2 and 3, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

(Doc. 26-1, ¶ 13).

- 7 -

### C. Attorney's Fees

The parties represent that the $4,502.41 for attorney's fees and costs to be paid to Plaintiff's counsel was negotiated separately from Plaintiff's recovery without regard to the amount to be paid to Plaintiff (Doc. 26 at 4). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### IV. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the district court **SEVER AND STRIKE** the objectionable portions of the amended Settlement Agreement, and then **GRANT** the parties' renewed joint motion for approval of their settlement (Doc. 26).

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

**RECOMMENDED** in Orlando, Florida, on January 9, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record